UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SILAZ ELIJAH JAMES,<br><br>    Petitioner,<br><br>v.<br><br>F. BOWERS.,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 25-13260-BEM<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER

**MURPHY, J.**

On November 4, 2025, Silaz Elijah James, who is serving a sentence at FMC Devens and proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 with a supporting memorandum of law. Dkts. 1-2. At that time, James was ordered to either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. Dkt. 4. In response, petitioner filed a motion for leave to proceed *in forma pauperis*, *see* Dkt. 6, and also paid the $5.00 filing fee. Dkt. 7.

By entering a guilty plea on January 9, 2024, James was convicted of Second Degree Murder, in violation of 18 U.S.C. §§ 1111 and 1153, and Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153. *See United States v. James*, No. 1:23-cr-02023-MKD (E.D. Wash.). Judgment entered on April 2, 2024, with an Amended Judgment entered on June 18, 2024. *Id.*

The Petition raises the following four grounds (1) ineffective counsel, (2) confrontation clause, (3) Supreme Court *J.D.B. v. North Carolina*, 180 L.Ed.2 310[1], and (4) actual innocence.

---

[1] *J.D.B. v. North Carolina*, 564 U.S. 261, 277 131 S.Ct. 2394, 2406, 180 L.Ed.2 310 (2011)

Dkt. 1 at ¶ 13.  Among other things, Petitioner alleges that the sentencing court improperly imposed a sentencing enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. *Id.* at ¶ 6, at ¶ 13 (ground four).  He contends that § 2255 is inadequate or ineffective because such "motion can not be filed due by law" and that the applicable "statute of limitation has expired due to the un-education of the Petitioner['s] age." *Id.* at ¶ 10(c).  For relief, Petitioner seeks to have "[t]he enhancement of obstruction of justice removed and a resentence at a base offense of 35 which is 165-210 months." *Id.* at ¶ 15.

Generally, petitions brought pursuant to Section 2241 may attack only the execution—not the validity—of a sentence. *See United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999).  If a person serving a federal sentence wishes to bring a collateral challenge to the validity of his sentence, he can seek postconviction relief in federal court by filing a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. *Bowe v. United States*, No. 24-5438, 2026 WL 70342, at *4 (U.S. Jan. 9, 2026).  However, Section 2255 imposes certain procedural restrictions, including the requirement that the petitioner file his motion with the sentencing court. *See* 28 U.S.C. § 2255(a).  While Section 2255 does contain a "savings clause" exception that permits a challenge to the validity of a sentence under Section 2241 in circumstances where "the remedy by [Section 2255 motion] is inadequate or ineffective to test the legality of his detention," *id.* § 2255(e), the clause only extends to "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," *Jones v. Hendrix*, 599 U.S. 465, 474 (2023); *see also Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008) (the savings clause applies in cases where "the configuration of section 2255 is such 'as to deny a convicted

---

(holding that a minor's age is relevant in the custody analysis "so long as the child's age was known to the officer at the time of police questioning, or would have been objectively apparent to a reasonable officer.").

defendant any opportunity for judicial rectification'" (citation omitted)); *Barrett*, 178 F.3d at 38 (cautioning that a prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241").

Generally, a Section 2255 habeas petition must be filed within one year of the criminal judgment of conviction becoming final. 28 U.S.C. § 2255(f)(1).[2] Even construing Petitioner's pleadings generously because he is proceeding *pro se*, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004), the Court must dismiss this action because the fact that the one-year period of limitations has expired does not render the remedy of Section 2255 "inadequate or ineffective." Under the circumstances, because James cannot satisfy the savings clause of Section 2255(e), the Court lacks jurisdiction and his Section 2241 petition must be dismissed.

Accordingly, it is hereby Ordered that the motion for leave to proceed *in forma pauperis* is DENIED AS MOOT, the petition for writ of habeas corpus is DENIED and the case DISMISSED.

**So Ordered.**

Dated: January 16, 2026

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

---

[2] The one-year limitation period can be extended where:
- The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States ...." 28 U.S.C. § 2255(f)(2);
- The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); or
- The inmate could not have discovered "the facts supporting the claim ... through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).